# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BARAJAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TIM VIRGA,<br><br>　　　　Respondent. | Case No. 1:13-cv-02000-AWI-SKO  HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>(Doc. 24) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed his petition with this Court on December 6, 2013.  In his response, Respondent pointed out that since Petitioner did not pursue his state habeas petition beyond the Superior Court, he had exhausted only part of his ineffective assistance of counsel claim.  On September 2, 2014, Petitioner moved for an order of stay and abeyance to permit him to pursue the unexhausted portions of his claims.

## I.　　Procedural and Factual Background[1]

The incident giving rise to Petitioner's conviction occurred on August 18, 2007, when two groups of Hispanic men encountered each other at a taco truck.  Co-defendants Petitioner, Nicholas Castenada, and Steven Pack greeted another group on its way home from an evening spent partying and dancing in a pizza parlor with insults, including the term "scrap," a derogatory reference to

---

[1] Factual information is derived from *People v. Pack* (Cal.Super.Ct. May 31, 2012) (No. F061140).

1

members of the Sureño street gang.  When a verbal argument ensued, Castenada pulled a gun from his waistband, and a member of the opposing group attempted to calm things down, explaining that they did not "bang."  The party group withdrew toward the taco truck, and Petitioner, Castenada, and Pack got into a white Honda Civic.  Castenada drove the Civic slowly past the group at the taco truck; Pack, standing in the open passenger car, stated, "We got you"; and Petitioner fired a 22-caliber revolver through the window from the back seat.  Shot in the head, Kevin Argueta fell to the ground, having incurred a fatal head wound.

The Civic sped away.  Moises Garcia and Marvin Lopez gave chase in Garcia's green Honda.  When the green Honda came within 37 feet of the white Civic, Pack opened fire.  Garcia took evasive action and ultimately returned to the taco truck.

Petitioner, Castenada, and Pack were charged with one count of murder, nine counts of attempted murder, two counts of assault with a firearm, one count of discharge of a firearm, participation in a street gang, and various enhancements.  In early 2010, Petitioner and the two co-defendants were tried jointly before a jury.  Each defendant had his own counsel.  At trial, Petitioner, who had remained silent following his arrest, testified for the first time that he had shot from the white Civic into the group at the taco truck.  On February 4, 2010, the jury convicted Petitioner of second-degree murder, two counts of assault with a firearm, and negligent discharge of a firearm.  The Superior Court sentenced Petitioner to a term of 40 years to life imprisonment.

Alleging prejudicial conduct by the prosecutor, Petitioner appealed the convictions to the State Court of Appeals, Fifth Appellate District, which affirmed the convictions in all regards on May 31, 2012.  The California Supreme Court summarily denied the appeal on September 12, 2012.

On December 3, 2013, Petitioner filed a petition for writ of habeas corpus in the Stanislaus County (California) Superior Court.  He claimed ineffective assistance of counsel based on trial

counsel's failure (1) to request a curative instruction after the prosecutor commented on Petitioner's failure to tell his version of the events before trial (the "*Doyle* error"[2]); (2) to make a timely objection to the prosecutor's rebuttal argument regarding an alleged *Doyle* error; and (3) to request a mistrial based on the alleged *Doyle* error.

On December 6, 2013, Petitioner filed a petition for writ of habeas corpus in this Court. Respondent answered the petition on June 11, 2014.

On January 17, 2014, the Superior Court denied the state habeas petition. Petitioner did not appeal the Superior Court's determination to the California Court of Appeals or the California Supreme Court.

When Respondent answered the federal petition on June 11, 2014, he pointed out that Petitioner's ineffective assistance of counsel claims were not fully exhausted since Petitioner failed to pursue his state habeas petition beyond the Stanislaus County Superior Court. As a result, on September 2, 2014, Petitioner moved for an order of stay and abeyance to permit exhaustion of his sentencing claims.

## II.    **Stay and Abeyance to Exhaust Unexhausted Claims**

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 275 (2005).

///

---

[2] *See Doyle v. Ohio,* 426 U.S. 610, 611, 617-18 (1976) (holding that impeaching a witness by his silence at the time of arrest, after the witness had been implicitly assured through *Miranda* warnings that he would not be penalized for refusal to talk, violates the Fourteenth Amendment due process clause).

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (2007). The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does. *King*, 564 F.3d at 1140. Since Petitioner's unexhausted claims have already expired, the *Kelly* procedure is not an alternative in this case unless Petitioner has exhausted his claims while this motion was pending but has failed to advise Respondent and the Court of that outcome. As a result, the Court's analysis will proceed under *Rhines*.

*Rhines* does not define what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, however, the *Rhines* court opined that a district court would abuse its discretion in denying a stay. 544 U.S. at 278.

4

Petitioner concedes that he failed to pursue the state habeas petition beyond the superior court, explaining, "I am uneducated and have no knowledge of the legal law." Doc. 24 at 1. The good cause standard is not so strict as to require a showing of some extreme or unusual event beyond the petitioner's control. *Riner v. Crawford*, 415 F.Supp.2d 1207, 1210 (D. Nev. 2006). On the other hand, since *Rhines* held that a stay should only be available in "limited circumstances," a court may not interpret the good cause requirement so liberally as to render stay orders routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). "To show 'cause' for a procedural default, a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him or her." *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

In evaluating whether good cause exists to merit a stay under *Rhines*, a court must be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024. If the court is willing to stay mixed petitions based on a petitioner's claimed lack of knowledge that a claim was not exhausted, nearly every habeas petitioner could secure a stay to remedy an unexhausted claim. "A *pro se* prisoner's lack of legal training or knowledge is a 'routine circumstance in the prison population and does not establish good cause.'" *Gray v. Ryan*, 2010 WL 4976953 at * 5 (S.D. Cal. Oct. 27, 2010) (quoting *Hernandez v. California*, 2010 WL 1854416 at *2 (N.D. Cal. May 6, 2010) (No. C08-4085)), *adopted* 2010 WL 4974093 (S.D. Cal. Dec. 2, 2010) (No. 09-cv-0709-BEN (CAB)). Thus, the Court should not conclude that Petitioner in this case has demonstrated good cause based solely on his representation of limited legal knowledge.

Even if Petitioner could demonstrate good cause for stay and abeyance, the unexhausted claims have little merit. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of

reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984).  The *Strickland* test requires Petitioner to establish two elements: (1) his attorneys' representation was deficient and (2) prejudice.  In evaluating the state habeas petition, the Superior Court disposed of the unexhausted claims in four short paragraphs:

> In this case, each of the errors claimed involve trial counsel's response to a claimed Doyle error.  None of the claimed errors by trial counsel are shown here to be conduct falling short of an objective standard of reasonableness and not the result of considered trial tactics.  Petitioner has not established that counsel had no rational tactical purpose for his alleged acts or omissions.
>
> During Petitioner's cross examination, other counsel objected to the complained of inquiry by the Prosecutor and the objection was sustained.  Petitioner fails to establish how failing to request a curative instruction amounted to conduct falling below objective standards of reasonableness or how he was prejudiced by same.
>
> Petitioner's trial counsel lodged an objection to Prosecutor's rebuttal argument at its conclusion and did not request a mistrial based on the Prosecutor's comments.  The trial judge specifically found that there was no prosecutorial misconduct during the rebuttal argument.  Again, Petitioner fails to show how either of these acts amounted to conduct falling below an objective standard of reasonableness.
>
> The inquiry in an ineffectiveness of counsel claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  Such was not established here.
>
> *Barajas v. People of the State of California* (Cal.Super.Ct. Jan. 17, 2014) (No. 1232853) (included in Lodged Documents, Doc. 19 at EL006).

Asserting his grounds without supportive argument, Petitioner offers no basis by which a court could reach any conclusion other than that reached by the Superior Court.  When the prosecutor asked whether Petitioner's testimony was the first time "we've had the opportunity to hear . . . your version of the facts of this case" (8T1803 at 12-19), co-defendant Castenada's counsel quickly objected and requested a sidebar.  Following the off-the-record discussion, the Court sustained the objection, and the prosecutor asked no further questions.  Co-defendant Pack's

///

counsel then asked Petitioner whether he had requested an attorney following his arrest: Petitioner answered, "Yes, sir." 8T1804 at 5-7. The defense then rested.

Petitioner provides no rationale for his claim that failure to request a curative instruction constituted deficient representation or resulted in prejudice. The prosecutor's objectionable question was a brief moment in a nearly two-month trial. Since a curative instruction would have emphasized the very impermissible information that the defense sought to exclude, counsel may well have made a tactical decision not to request one.

Petitioner's claim that the *Doyle* issue was impermissibly renewed in the course of the prosecutor's closing is not compelling either. As a result of Petitioner's testimony that he had shot from the white Civic (the prosecution had previously believed that co-defendant Pack had fired the gun from the vehicle), the prosecutor modified his jury charge request to conform to the evidence elicited at trial. In his closing argument, Petitioner's trial counsel criticized the prosecution for changing its theory of the case. As a result, the prosecutor responded to trial counsel's closing, explaining that until Petitioner testified at trial that he had been the defendant who shot from the white Civic, the prosecution had no basis to consider that Petitioner might have been the shooter. Counsel for a co-defendant objected outside the presence of the jury that the prosecutor had again attacked Petitioner's Fifth Amendment right to remain silent. The trial court overruled the objection, stating (1) that the prosecutor's remark in closing did not refer to Petitioner's silence at arrest and (2) that the statement fairly responded to the trial attorney's closing in explaining which charges had been modified. Defense attorneys declined the Court's offer of a mistrial and did not ask the Court to admonish the jury.

The undersigned agrees with Respondent that the interchange at closing was separate from the prosecutor's *Doyle* error during cross examination. Taken in context, the prosecutor's rejoinder

///

7

was an invited response to trial counsel's opening salvo. *See United States v. Young*, 470 U.S. 1, 12 (1985); *United States v. Weatherspoon*, 410 F.3d 1142, 1150 (9th Cir. 2005).

Finally, in light of Petitioner's failure to appeal the Superior Court denial of his habeas petition in a timely manner, the California state courts are unlikely to consider a second petition. *See In re Reno*, 55 Cal.4th 428, 442-43 (2012) (characterizing as an "abusive writ practice" exhaustion petitions raising claims that are uncognizable or procedurally barred in a renewed collateral attack, and suggesting that such petitions be denied as a matter of course without the court's passing on the merits of the claims).

### III.     Conclusion and Recommendation

Accordingly, the undersigned RECOMMENDS that the Court deny Petitioner's motion for an order of stay and abeyance to permit exhaustion of unexhausted claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 4, 2015**                                **/s/ Sheila K. Oberto**
                                                                                 UNITED STATES MAGISTRATE JUDGE